Dear Mr. Alessi:
You have requested the opinion of this office on the following issue:
 What is the permissible term of a contract between the Department of Public Safety and Corrections (DPSC) and a private sector company to establish a Private Sector/Prison Industry Enhancement Program (PS/PIE) on the grounds of a state prison.?
You have directed our attention to R.S. 15:834 and R.S.39:1800.1-1800.7 as possible authority for contracts between DPSC and private sector contractors who are interested in operating PS/PIE programs at DPSC facilities. We also find another statute which comes into play, R.S. 41:1211-1224.
You make a valid point with regard to the applicability of R.S. 15:834, which grants to DPSC, "authority . . . to lease . . . any of the lands owned by the state and under the control of the department which is (sic) not being used . . ." for a period not to extend beyond January first after the inauguration of a new administration. Upon careful consideration of the apparent policy considerations behind this statute, we agree that it is not applicable to the enclosed areas in the heart of existing prison facilities which are required for the PS/PIE program and, to the extent this conclusion is in conflict with Opinion Number 84-294, that opinion is recalled.
We do not find that the Louisiana Corrections Private Management Act, R.S. 39:1800.1-1800.7, provides a means for providing facilities for PS/PIE programs since that statute anticipates the operation of an entire prison facility by a private contractor and, in any event, is not applicable to prison facilities which were operational before May 22, 1989. However, R.S. 41:1211-1224 may provide a regime which is flexible enough to meet DPSC's concerns and also attract potential PS/PIE program operators.
R.S. 41:1211 explicitly includes a "penal or charitable institution" within the scope of the definition of "lessor", thereby bringing prisons within the ambit of this statute. R.S.41:1212A authorizes a lessor to lease for any legitimate purpose, other than for oil, gas or other mineral purposes, "any lands of which the lessor has title, custody, or possession . . . with such terms and conditions as the governing authority deems to be to the best interest of the lessor."
Jurisprudence has made clear that this statute, while it refers to the lease of "lands", authorizes the lease of enclosed buildings as well as open lands. See State ex rel. Cuccia v.French Market Corporation et al (La.App. 4th Cir. 1976)334 So.2d 241; and Plantation on the Green, Inc. v. Gamble et al
(La.App. 4th Cir. 1983) 441 So.2d 299. These cases also illustrate that a public entity may impose explicit requirements for the utilization of the leased space and may evaluate proposed bids on the basis of how well the potential lessee would meet the program expectations of the lessor. This authority would make it possible for DPSC to seek and consider only lessees who are authorized and qualified to operate PS/PIE programs.
The lease process may be initiated either by a potential lessee, or by the public entity lessor. R.S. 41:1213 and 1214B. Other provisions of the statute set forth the advertising and procedural requirements of the lease process. R.S. 41:1217 sets down the basic limitation of ten years as the maximum term of such leases, but subparagraphs (1) and (2) allow longer terms, not to exceed thirty years, when the lessor invests in improvements on the leased property.
It is our opinion that R.S. 41:1211-1225 provides ample authority for DPSC to seek PS/PIE program lessee-operators for long term leases and to evaluate such proposals based on the experience and qualifications of the applicants. I trust that this answers your inquiry. Please let me know if we may be of any further assistance in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________________________ GLENN R. DUCOTE Assistant Attorney General
GRD:jv